STATE of Iowa, Appellee,

v.

Joseph F. LAFFEY, Appellant.

No. 97–1210.

Supreme Court of Iowa.

Sept. 9, 1999.

Kent A. Simmons, Davenport, for appellant.

Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney General, and Phillip Tabor, County Attorney, for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, SNELL, and TERNUS, JJ.

TERNUS, Justice.

The defendant, Joseph F. Laffey, appeals his judgments of conviction and sentences for two counts of second-degree sexual abuse. *See* Iowa Code § 709.3(2) (1995). Laffey asserts that the evidence was insufficient to support the jury's finding that he committed a sex act with the minor victims. Laffey also claims his counsel rendered ineffective assistance in failing to object to several courtroom procedures that Laffey contends violated his Sixth Amendment right of confrontation. *See* U.S. Const. amend. VI. Finally, Laffey challenges his consecutive sentences, alleging that they violate the Eighth Amendment prohibition against cruel and unusual punishment, *see* U.S. Const. amend. VIII, and that the court abused its discretion by making the sentences consecutive.

We affirm Laffey's convictions, preserving for postconviction relief his claim of ineffective assistance of counsel. We find merit in Laffey's contention that the trial court abused its discretion by relying on

an improper factor in rendering consecutive sentences. Therefore, we vacate the sentences and remand for resentencing.

## I. *Background Facts and Proceedings.*

Laffey's convictions arise from an incident allegedly occurring in early December 1996, when he engaged two young girls, ages five and six, in a sex act. Neither girl told anyone about what had happened, however, until the following March. At that time, the girls initially stated that they had seen the defendant without his pants on and that he was "playing with his crotch." Upon further questioning by employees at the Child Protection Center (CPC), the girls revealed that Laffey had them touch and stroke his penis while he was lying on the bed.

When confronted with these allegations, Laffey related an incident that had occurred when the girls had stayed overnight at his home. He stated that the next morning after he had showered, the children entered his bedroom before he had put his pants on. He told the girls to leave and they did, according to Laffey.

The State charged Laffey with two counts of second-degree sexual abuse. At trial, the victims testified consistently with their interviews at CPC. The jury returned guilty verdicts on both charges. The judge sentenced the defendant to indeterminate, twenty-five-year terms of imprisonment for each crime, ordering that these sentences be served consecutively. Laffey subsequently filed this appeal.

## II. *Was the Evidence Sufficient to Support a Jury Finding that Defendant Performed a Sex Act With the Two Minor Children?*

A. *Description of defendant's claim of insufficiency.* To prove a charge of second-degree sexual abuse, the State was required to establish the performance of a sex act with a child under the age of twelve. . *See* Iowa Code §§ 709.1(3), .3(2). As there was no dispute with respect to the victims' ages, the defendant challenges only the sufficiency of the evidence to prove the performance of a sex act. A sex act includes "any sexual contact between two or more persons by ... contact between the finger or hand of one person and the genitalia or anus of another person." *Id.* § 702.17.

Laffey claims on appeal that the district court erred in overruling his motion for judgment of acquittal. He argues that the evidence was insubstantial and the jury could not have found him guilty beyond a reasonable doubt based on several facts: (1) the inconsistency of the victims' initial statements with their later statements at CPC and at trial; (2) the inconsistencies between the two victims' trial testimony; (3) the leading nature of the questions posed to the victims by the CPC employees; (4) the inconsistency in the statements made by the mother of one of the victims with respect to the date of the occurrence; and (5) the inconsistent testimony from the trial witnesses with respect to the date of the occurrence.

■■■ B. *Standard of review.* We will uphold the denial of a motion for judgment of acquittal based on the insufficiency of the evidence if there is substantial evidence in the record to support the defendant's convictions. *See State v. McPhillips*, 580 N.W.2d 748, 752 (Iowa 1998). "Evidence is substantial if it would convince a rational factfinder that the defendant is guilty beyond a reasonable doubt." *State v. Mitchell*, 568 N.W.2d 493, 502 (Iowa 1997). In determining whether the evidence is substantial, it is viewed "in the light most favorable to the State and ... all reasonable inferences that may fairly be drawn from the evidence" are accorded to it. *McPhillips*, 580 N.W.2d at 753.

■■■ The court considers all the evidence, not just that supporting the verdict. *See State v. Robinson*, 288 N.W.2d 337, 340 (Iowa 1980). On the other hand, it is for the jury to judge the credibility of the witnesses and weigh the evidence. *See McPhillips*, 580 N.W.2d at 753. There-

fore, unless the record lacks substantial evidence, we are bound by the jury's verdict. *See id.*

C. *Discussion of sufficiency of the evidence.* Upon our review of the record, we conclude the evidence is adequate to support the jury's finding that the defendant performed a sex act with the minor victims. It is true that the girls did not reveal the sexual abuse until their interviews at CPC and that the employees there used leading questions to elicit information from the children. Nevertheless, the jury could have reasonably believed that the later version of the incident was more believable than the initial story that the girls had merely seen the defendant without any pants on.

The girls' descriptions of the circumstances of the sex act itself were detailed and consistent: Laffey only had on a t-shirt; he had them get on the bed with him; he had both of them stroke his penis; and he wiped himself off with a towel after he "went to the bathroom" on his stomach. Admittedly, there were also inconsistencies in their testimony: they disagreed as to whether one or both of them were also undressed, whether the defendant's wife was home, and whether the discharge from the defendant's penis was yellow or white. These differences, however, do not necessarily render their testimony with respect to the nature of their contact with the defendant unbelievable. Therefore, the victims' credibility was for the jury to decide. *See State v. Romeo*, 542 N.W.2d 543, 549–50 (Iowa 1996) (rejecting insufficiency-of-the-evidence claim despite inconsistencies in the testimony of the two primary witnesses against the defendant, holding it was for the jury to decide if the witnesses were credible); *State v. Tonn*, 441 N.W.2d 403, 404 (Iowa App.1989) (finding evidence sufficient to sustain the defendant's convictions of third-degree sexual abuse despite inconsistencies and mistakes in the victims' testimony).

We also reject the defendant's argument that the confusion among the witnesses as to when this incident occurred fatally undermines the jury's finding of guilt. Although the witnesses disagreed as to the date that the children stayed at the Laffey home, no one disputed that the girls had on one occasion spent the night there. Under these circumstances, any uncertainty as to the precise date is immaterial. *See State v. Rankin*, 181 N.W.2d 169, 172 (Iowa 1970) (stating that the State is not required to prove the exact date of a sexual offense); *State v. Brown*, 400 N.W.2d 74, 77 (Iowa App.1986) ("The date fixed in the indictment or information for the commission of a crime is not material, and a conviction can be returned upon any date within the statute of limitations. . . ."); *State v. Griffin*, 386 N.W.2d 529, 532 (Iowa App.1986) (holding statute defining crime of second-degree sexual abuse "does not make a particular time period a material element of the offense").

### III. *Ineffective–Assistance–of–Counsel Claim.*

Laffey asserts he received ineffective assistance from his trial counsel in three ways: (1) counsel agreed that the defendant would sit in a position blocking his view of not only the child witnesses, but all trial witnesses; (2) counsel did not object to the court's failure to administer an oath to the child witnesses; and (3) counsel failed to object to the relaxation of courtroom decorum and formality when the children testified. He claims these incidents violated his Sixth Amendment right to confront the witnesses against him. *See* U.S. Const. amend. VI.

To succeed on his ineffective-assistance-of-counsel claim, the defendant has the burden to prove by a preponderance of the evidence that his trial counsel failed in an essential duty, and that prejudice resulted from this failure. *See McPhillips*, 580 N.W.2d at 754. Such claims are usually reserved for postconviction relief actions in order to give defense counsel an opportunity to respond to the

allegation that counsel failed to perform an essential duty. *See State v. McKettrick,* 480 N.W.2d 52, 56 (Iowa 1992). Where the record is sufficient, however, we will consider claims of ineffective assistance on direct appeal. *See McPhillips,* 580 N.W.2d at 754.

■ We think the present record is not adequate to allow the court to determine whether trial counsel failed in an essential duty. The inadequacy of the record stems from the principle that "[i]mprovident trial strategy, miscalculated tactics, or mistakes in judgment do not necessarily amount to ineffective assistance of counsel." *Osborn v. State,* 573 N.W.2d 917, 922 (Iowa 1998). There may have been tactical reasons that Laffey's counsel agreed to have the defendant shielded from the witnesses. Defense counsel may also have had strategic reasons for acquiescing in the procedures used for the testimony of the minor victims. In addition, the record before us suggests that the defendant may have waived his Sixth Amendment right with respect to the seating arrangements in the courtroom. For these reasons, we preserve Laffey's claims of ineffective assistance for a later postconviction relief action.

## IV. *Do the Defendant's Consecutive Sentences Constitute Cruel and Unusual Punishment Under the Eighth Amendment?*

■ The defendant claims that the court's decision to make his sentences run consecutively violates the Eighth Amendment's prohibition of cruel and unusual punishment. *See* U.S. Const. amend. VIII. He points out that he will have to serve forty-two and one-half years before he can be released. *See* Iowa Code §§ 902.12, 903A.2 (1997). Because he will be eighty years old by then, he characterizes his punishment as a lifetime sentence. Laffey also argues that his punishment is significantly more severe than that imposed for other, more grievous, crimes of sexual abuse. We review this constitution-al claim de novo. *See State v. Hunter,* 550 N.W.2d 460, 462 (Iowa 1996).

■ We recently considered a similar claim in *State v. August,* 589 N.W.2d 740 (Iowa 1999). In that case, the defendant was also sentenced to two consecutive, twenty-five year terms of incarceration. *August,* 589 N.W.2d at 741. In deciding whether these sentences violated the Eighth Amendment, we compared the sentences with the gravity of the defendant's crimes, viewed objectively. *Id.* at 743. We held that only if such an examination allows an inference of gross disproportionality, would the court engage in a detailed consideration of the proportionality of the offense to the sentence, including a comparison of the punishment for this crime with the sentences imposed on other criminals. *Id.* at 742–43 (referring to three-factor test set out in *Solem v. Helm,* 463 U.S. 277, 292, 103 S.Ct. 3001, 3011, 77 L.Ed.2d 637, 650 (1983)).

In *August,* we held that a twenty-five-year term of imprisonment for second-degree kidnapping, to be served consecutively to a twenty-five-year term for first-degree robbery, did not violate the Eighth Amendment. *Id.* at 744. We stated that "[t]here is nothing cruel and unusual about punishing a person committing *two* crimes more severely than a person committing only one crime, which is the effect of consecutive sentencing." *Id.*

■ The same result is mandated here. Laffey committed two serious crimes–the sexual abuse of two young children. That severe and lasting emotional harm can result to these helpless victims makes the crime especially egregious and deserving of a severe punishment. Therefore, we conclude Laffey's consecutive sentences do not give rise to an inference of gross disproportionality. The fact that these sentences may mean that Laffey serves the remainder of his life in prison is not a factor in our analysis. *See id.* at 743–44 (rejecting the defendant's request that an individualized assessment of the severity of

the punishment be made). In addition, this conclusion makes it unnecessary to evaluate the severity of Laffey's sentence as compared to the sentences imposed on other criminals in this state. *See id.* at 742 (holding that *Solem* factors are considered only when the initial examination of the crime and punishment gives rise to an inference of gross disproportionality).

## V. Did the Trial Court Abuse its Discretion in Sentencing the Defendant?

The defendant challenges the trial court's exercise of discretion in imposing consecutive sentences on several grounds. Because we conclude the defendant's sentence must be vacated based on the trial court's consideration of an improper factor, we address only that issue.

At the sentencing hearing, the prosecutor argued that consecutive sentences were appropriate because the victims were only five and six years old and the State would have difficulty explaining to one of the victims why the crime against her did not require punishment when the crime against the other child did. In choosing to impose consecutive sentences, the trial court noted several sentencing considerations. Among the court's considerations was the argument made by the county attorney: "also the Court considers the statements of the county attorney, which I have thought of myself, as to how do you explain to young people that the same crime is committed against them, but no punishment is given."

■■■ We review the court's sentencing decision for an abuse of discretion. *See State v. Privitt,* 571 N.W.2d 484, 486 (Iowa 1997). "An abuse of discretion is found only when the sentencing court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Id.* The court in applying its discretion " 'should weigh and consider all pertinent matters in determining proper sentence, including the nature of the offense, the attending circum-

stances, defendant's age, character and propensities and chances of his reform.' " *State v. Hildebrand,* 280 N.W.2d 393, 396 (Iowa 1979) (quoting *State v. Cupples,* 260 Iowa 1192, 1197, 152 N.W.2d 277, 280 (1967)). Iowa Code section 901.5 also requires the court to determine which sentence "will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others."

■■■ We hold that the difficulty that might be experienced in explaining the rationale of concurrent versus consecutive sentencing to young victims is an impermissible factor to consider in determining an appropriate sentence. This difficulty does not go to the nature or severity of the offense; it is unrelated to the circumstances of the crime; it does not reflect on the defendant's character or propensities, or on his chances for reform or rehabilitation; and it has no bearing on the court's duty to protect the community from further offenses by the defendant or others. The fact that the court also considered other, permissible factors in sentencing the defendant does not make the court's reliance on this impermissible consideration of no consequence. *See State v. Remmers,* 259 N.W.2d 779, 784–85 (Iowa 1977); *State v. Thomas,* 520 N.W.2d 311, 313 (Iowa App.1994). The court's reliance on an improper factor in imposing consecutive sentences constitutes an abuse of discretion and requires that we vacate the defendant's sentences and remand to the district court for resentencing.

**CONVICTIONS AFFIRMED, SENTENCES VACATED, AND CASE REMANDED FOR RESENTENCING.**