**IN THE COURT OF APPEALS OF IOWA**

No. 13-1314
Filed July 30, 2014

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**FERNANDO LOPEZ-GONZALEZ,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Poweshiek County, Randy S. DeGeest, District Associate Judge.


     Fernando Lopez-Gonzalez appeals from the judgment and sentence entered following his convictions for identity theft and fraudulent application regarding vehicle.  **AFFIRMED.**


     Michael H. Said of Law Offices of Michael H. Said, P.C., Des Moines, for appellant.

     Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, and Rebecca L. Petig, County Attorney, for appellee.


     Considered by Vaitheswaran, P.J., and Doyle and McDonald, JJ.

**DOYLE, J.**

Fernando Lopez-Gonzalez appeals from the judgment and sentence entered following his convictions for identity theft and fraudulent application regarding vehicle. Lopez-Gonzalez claims the evidence was insufficient to support the jury's findings of guilt. We affirm.

## I. *Background Facts and Proceedings*

The Iowa Department of Transportation (Iowa DOT) received a complaint filed by Alfredo Cardenas Jr., who lived in Texas, claiming his identity had been stolen and was being used in Iowa. Cardenas claimed he learned of the identity theft when the Internal Revenue Service notified him that someone in Iowa was earning income under his name.

An investigation ensued.[1] Review of Iowa DOT records revealed an Iowa identification card had been issued on May 15, 2006, under Cardenas's name, date of birth, and social security number to an individual in Montezuma, Iowa. It was discovered that on January 28, 2011, a white 1979 Ford pickup truck was purchased for $1800 from a car dealership in Toledo, Iowa, in Cardenas's name. The investigation disclosed that on February 28, 2011, the Poweshiek County Treasurer received an Application for Certificate of Title and/or Registration for the truck. The application showed Cardenas as owner and bore his social security number. The application was processed, and a Certificate of Title was issued in Cardenas's name. The truck was also registered in Cardenas's name.

---

[1] The investigators working on the case had seventeen years and ten years of experience, respectively, as investigators for the Iowa DOT.

Investigators visited the address in Montezuma listed on the truck's registration. They were greeted by a woman who informed them that an Alfredo Cardenas was gone for work and would not be back until the following week. During the visit, the investigators observed a white Ford pickup parked in the garage.

Investigators returned to the residence the next week, but no one was home. They spoke to a neighbor, who informed them a Cardenas was employed with Fremont Farms. Investigators drove to Fremont Farms and spoke to the manager, who confirmed a Cardenas was employed with the company. The manager located the man known to him to be Cardenas (the defendant, Lopez-Gonzalez) and brought him to meet with the investigators. Lopez-Gonzalez consented to the investigators' review of his I-9 form.

Investigators determined the I-9 form had been filled out using Cardenas's name but a different social security number and date of birth than used to obtain the Iowa identification card and title to the truck. After they reviewed the form, investigators read Lopez-Gonzalez his *Miranda* rights. He did not seem to have any difficulty understanding the investigators or communicating with them in English.

Lopez-Gonzalez agreed to speak to the investigators and confessed that his real name was Fernando Lopez-Gonzalez. He stated he had documents in his home proving his real identity; investigators subsequently obtained a Mexico birth certificate from his residence with the name Fernando Lopez-Gonzalez. Lopez-Gonzalez stated he had been in the United States illegally for fourteen years and that he had purchased the social security number from a man in Des

Moines. Investigators arrested Lopez-Gonzalez, and he was charged with identity theft and fraudulent application regarding vehicle.

At trial, Lopez-Gonzalez testified he knew Alfredo Cardenas Jr. and that Cardenas was married to a relative of his wife. Lopez-Gonzalez stated he bought Cardenas's information from Cardenas for $250 in order to work in the United States. He testified he had worked for Fremont Farms for twelve or thirteen years and he used Cardenas's social security number when he first began working at Fremont Farms, but the 2009 I-9 form reviewed by investigators listed a different social security number. Lopez-Gonzalez also confirmed he used Cardenas's information on the application to obtain the certificate of title to the Ford pickup truck and in order to purchase the truck from the car dealership.

The jury found Lopez-Gonzalez guilty as charged of identity theft, a class "D" felony (Count I), in violation of Iowa Code section 715A.8 (2011), and fraudulent application regarding vehicle, third-degree fraudulent practice (Count II), in violation of sections 714.11 and 321.97. In regard to Count I, the jury found the benefit obtained by Lopez-Gonzalez had a value in excess of $1000. *See* Iowa Code § 715A.8. In regard to Count II, the jury found the value involved to be between $500 and $1000. *See id.* § 714.11. Lopez-Gonzalez appeals, raising several claims relating to the sufficiency of the evidence to support his convictions.[2]

---

[2] Not all of Lopez-Gonzalez's specific sufficiency-of-the-evidence claims were raised in his motion for judgment of acquittal. If a motion for judgment of acquittal lacks specific grounds, those grounds are not preserved. *See State v. Truesdell*, 679 N.W.2d 611, 615 (Iowa 2004) ("To preserve error on a claim of insufficient evidence for appellate

## II.    *Standard of Review*

We review challenges to the sufficiency of the evidence for correction of errors at law.  *See State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012).  We "consider all of the record evidence viewed in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence."  *Id.* (internal quotation marks omitted).  "We will uphold a verdict if it is supported by substantial evidence."  *State v. Jacobs*, 607 N.W.2d 679, 682 (Iowa 2000).

## III.    *Discussion*

The jury was instructed the State would have to prove the following elements of identity theft:

> On or about February 28, 2011, the defendant:
> 1. fraudulently used or attempted to fraudulently use,
> 2. another person's identification information, and
> 3. the defendant intended to obtain credit, property, services,
> or other benefit.

*See* Iowa Code § 715A.8(2); Iowa Crim. Jury Instruction 1500.9.  The jury was further instructed:

> "Identification information" means, but is not limited to: a person's name, address, date of birth, telephone number, driver's license number, nonoperator's identification card number, social security number, student identification number, military identification number, alien identification or citizenship status number, employer identification number, signature, electronic mail signature, electronic identifier or screen name, biometric identifier,

---

review in a criminal case, the defendant must make a motion for judgment of acquittal at trial that identifies the specific grounds raised on appeal.").  However, in an effort to stave off a potential postconviction relief proceeding, *see State v. Brubaker*, 805 N.W.2d 164, 170 (Iowa 2011) ("Failure of trial counsel to preserve error at trial can support an ineffective-assistance-of-counsel claim."), we elect to bypass this error preservation concern and proceed to the merits of his claims.  *See State v. Taylor*, 596 N.W.2d 55, 56 (Iowa 1999) (bypassing an error preservation problem and proceeding to the merits of the appeal).

genetic identification information, access device, logo, symbol, trademark, place of employment, employee identification number, parent's legal surname prior to marriage, demand deposit account number, savings or checking account number, or credit card number of a person.

*See* Iowa Code § 715A.8(1); Iowa Crim. Jury Instruction 1500.10. The jury was also instructed to determine "the value of the property affected": "Property valued $1000 or less" or "Property valued more than $1000."

The jury was instructed the State would have to prove the following elements of fraudulent application regarding vehicle:

> On or about February 28, 2011, the defendant:
> 1. (a) fraudulently used a false or fictitious name; (b) knowingly made a false statement; (c) knowingly concealed a material fact; or (d) committed a fraud.
> 2. in any application for the registration of, or certificate of title to,
> 3. a vehicle,
> (It is not necessary for all jurors to agree to just (a), (b), (c) or (d). It is only necessary that all jurors agree to at least one of these three alternatives.)

*See* Iowa Code §§ 714.11, 321.97. The jury was also instructed to determine "the value of the property affected": "Not more than $100," "More than $100 but not more than $500," or "More than $500."

Regarding the value of the property affected, the jury was instructed, "The value of the property is its highest value by any reasonable standard at the time the identity theft is committed. 'Reasonable standard' includes but is not limited to market value within the community, actual value, or replacement value." *See* Iowa Code § 714.3; Iowa Crim. Jury Instruction 1500.11.

Lopez-Gonzalez contends there is insufficient evidence to prove he "fraudulently" used the identity of Cardenas. Lopez-Gonzalez reasons that

because he purchased Cardenas's "papers" for $250 from Cardenas, his use of Cardenas's information thereafter was "not illegitimate." Lopez-Gonzalez further contends there is insufficient evidence to prove the benefit received had a value in excess of $1000 (in regard to Count I) and the value involved was in between $500 and $1000 (in regard to Count II). According to Lopez-Gonzalez, the State "mistakenly misdirected [the jury] to the alleged value of the motor vehicle that was registered under the Cardenas persona," but offered no "proof of a value connected to the fraud alleged." Lopez-Gonzalez also challenges the evidence to prove he was the person that submitted the motor vehicle registration application under Cardenas's name.

Viewing the evidence in the light most favorable to the State, we conclude substantial evidence supports the jury's findings of guilt. The jury heard testimony from the investigators regarding Cardenas's complaint filed alleging personal items were stolen from him that he believed were used to represent his identity. The jury was free to find this evidence more persuasive than Lopez-Gonzalez's trial testimony that he knew Cardenas and purchased Cardenas's "papers" from him for $250. *See State v. Laffey*, 600 N.W.2d 57, 60 (Iowa 1999) (holding it is the province of the jury to weigh evidence and credit certain testimony over other testimony). This is particularly true considering Lopez-Gonzalez initially told investigators he purchased the documents in Des Moines from an unnamed source. In any event, whether or not Lopez-Gonzalez purchased the information from Cardenas is irrelevant. *See, e.g.*, *State v. Mallett*, No. 02-0906, 2003 WL 22901008, at *2-3 (Iowa Ct. App. Dec. 10, 2003)

(observing the term "fraudulently" as used in section 715A.8 modifies "obtain a benefit" as opposed to "obtain identification information").

And Lopez-Gonzalez's claims challenging the value obtained and involved miss the point. Lopez-Gonzalez knew he was not Cardenas, but he used Cardenas's identity to gain employment and property. Specifically, Lopez-Gonzalez admitted he used Cardenas's information to become employed in Iowa and to obtain legal title to the truck. The Application for Certificate of Title and/or Registration states the sales price of the truck to be $1800.

Lastly, the jury could reasonably find Lopez-Gonzalez was the person who submitted the vehicle registration application under Cardenas's name.

We affirm the judgment and sentence entered following Lopez-Gonzalez's convictions for identity theft and fraudulent application regarding vehicle.

**AFFIRMED.**