# IN THE COURT OF APPEALS OF IOWA

No. 14-0701
Filed November 13, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CHRISTINA M. PICKERING,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Scott County, Mark J. Smith (plea)

and Paul L. Macek (sentencing), Judges.


        A defendant appeals her sentence.     **JUDGMENT AFFIRMED,**

**SENTENCE VACATED, AND REMANDED FOR RESENTENCING.**


        Mark C. Smith, State Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney

General, Michael J. Walton, County Attorney, and Kelly Cunningham and Dion

Trowers, Assistant County Attorney, for appellee.


        Considered by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**VAITHESWARAN, J.**

Christina Pickering provided daycare services for two children. A neighbor videotaped her hitting one of the children. The child sustained injuries to her face, including a black eye.

Pickering pled guilty to child endangerment resulting in bodily injury, in violation of Iowa Code section 726.6(6) (2013). The district court sentenced Pickering to a prison term not exceeding five years. The court cited several factors to support the sentence, including what the injured child would hear about the sentence. Specifically, the court stated:

> When [the child's mother] goes home and her daughter says, "What happened, Mommy," she's not going to hear that this lady that hit her was allowed to go free. She's going to hear her mommy tell her that this lady went to jail. I trust the child is not going to appreciate the difference between jail and prison.

Later, in addressing a defense request for a delay of incarceration while Pickering got her affairs in order, the court told the injured child's mother:

> I'm of a mind to send her to prison right now, so that you can tell your daughter that's precisely what happened. But I need to balance that with some level of leniency in this regard, I think. I think two days would be adequate. I think you can tell your daughter then in two days this lady is going to prison.

On appeal, Pickering contends the quoted statements amounted to an impermissible sentencing consideration. *See State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000). She relies on *State v. Laffey*, 600 N.W.2d 57, 62 (Iowa 1999), in which the court stated: "[T]he difficulty that might be experienced in explaining the rationale of concurrent versus consecutive sentencing to young victims is an impermissible factor to consider in determining an appropriate sentence." The State responds that, when these assertions are viewed in

context, it becomes clear the court was referring to permissible factors such as the nature of the offense.

There is no question the court's central reason for ordering incarceration was the nature of the offense. There is also no question the court's mention of a child victim was permissible. *See State v. Millsap*, 704 N.W.2d 426, 435 (Iowa 2005) (addressing court's reference to two child victims and stating the "existence of two victims is clearly a circumstance of the crime."). But *Laffey* tells us it is impermissible to go a step further and consider what a child will think of a sentence. 600 N.W.2d at 62. Based on the holding of *Laffey*, we vacate the sentence and remand for resentencing.

**JUDGMENT AFFIRMED, SENTENCE VACATED, AND REMANDED FOR RESENTENCING.**