# IN THE COURT OF APPEALS OF IOWA

No. 14-1830
Filed August 19, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**GARY DUFFEL,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Christine Dalton, District Associate Judge.

Gary Duffel appeals from the judgment and sentence entered following his conviction for public intoxication, third or subsequent offense. **AFFIRMED.**

Jack E. Dusthimer, Davenport, for appellant.

Thomas J. Miller, Attorney General, Alexandra Link, Assistant Attorney General, Michael J. Walton, County Attorney, and Joshua R. Sims, Assistant County Attorney, for appellee.

Considered by Doyle, P.J., and Mullins, and Bower, JJ.

**DOYLE, P.J.**

Gary Duffel appeals from the judgment and sentence entered following his conviction for public intoxication, third or subsequent offense. Duffel contends the evidence was insufficient to support the jury's finding of guilt and his trial counsel was ineffective in failing to attempt to exclude certain evidence from trial.

## I.  *Background Facts and Proceedings*

On the evening of July 1, 2014, Le Claire Police Officer Mark Cottrell was on routine patrol. At around 9:00 p.m., Officer Cottrell observed Gary Duffel and a woman walking near an antique store. The officer had not seen them before, so he "made a lap around." He then saw Duffel standing in front of the antique store, but the woman had "kind of disappeared." Officer Cottrell approached and realized the woman was relieving herself behind a large campaign sign. Officer Cottrell noticed they both smelled of alcohol and they admitted to drinking. However, because they did not appear "at that time to be out of control, or without control of their faculties," Officer Cottrell let them go with a warning.

At around 1:30 a.m., Officer Cottrell saw Duffel and the woman again, this time sitting at a table on the sidewalk outside a closed convenience store just across the street from the police station. Officer Cottrell observed they were drinking beers and Duffel was dumping beer out on the ground. They were "visibly intoxicated" with "slurred speech."

Duffel was charged with public intoxication third or subsequent conviction, in violation of Iowa Code sections 123.46 and 123.91(2) (2013). Duffel pled not guilty, and the case proceeded to trial. At trial, the jury heard testimony from Officer Cottrell detailing the facts set forth above, and viewed a video of the

second encounter between Officer Cottrell and Duffel taken from the officer's patrol car. The defense presented no evidence, but moved for judgment of acquittal at the close of the State's case, which the district court overruled.

The jury found Duffel guilty as charged. Duffel conceded he had two prior convictions for public intoxication. The district court sentenced Duffel to 240 days in jail, subject to reconsideration following completion of in-jail substance abuse treatment, as well as sixty-three hours of community service. Duffel appeals.

## II.    Sufficiency of the Evidence

Duffel contends the evidence was insufficient to support the jury's finding of guilt.[1]    Insofar as his claim implicates trial counsel's failure to challenge the admission of evidence of a preliminary breath test, we address that claim separately below.

We review challenges to the sufficiency of the evidence for correction of errors at law. *State v. Edouard*, 854 N.W.2d 421, 431 (Iowa 2014). We "consider all of the record evidence viewed in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence." *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012) (internal quotation marks omitted). "We will uphold a verdict if it is supported by substantial evidence." *State v. Jacobs*, 607 N.W.2d 679, 682 (Iowa 2000).

---

[1] The State agrees defense counsel's motion for judgment of acquittal preserved this claim for review. *See State v. Truesdell,* 679 N.W.2d 611, 615 (Iowa 2004) ("To preserve error on a claim of insufficient evidence for appellate review in a criminal case, the defendant must make a motion for judgment of acquittal at trial that identifies the specific grounds raised on appeal.").

The jury was instructed the State would have to prove the following elements of public intoxication:

> 1. On or about the 2nd day of July 2014, in Scott County, Iowa, the defendant was intoxicated.
> 2. At the time the defendant was intoxicated, he was in a public place.

The jury was further instructed:

> A person is "intoxicated" when, by drinking liquor and/or beer, one or more of the following is true:
> 1. His reason or mental ability has been affected.
> 2. His judgment is impaired.
> 3. His emotions are visibly excited.
> 4. He has, to any extent, lost control of bodily actions or motions.

Viewing the evidence in the light most favorable to the State, we conclude substantial evidence supports the jury's findings of guilt. The jury heard testimony from the arresting officer describing his two encounters with Duffel and the woman on the evening in question. Initially, the officer observed Duffel smelling of alcohol. The officer allowed Duffel to go with a warning. Four hours later, the officer found Duffel openly drinking beer on a sidewalk outside a closed convenience store just across the street from the police station. The officer observed Duffel pouring beer on the sidewalk, and the officer described him as "visibly intoxicated" with "slurred speech." The jury also viewed the patrol car video of the second encounter, which showed Duffel pouring beer out, walking around, and speaking in a slurred voice.

"[U]nless the record lacks substantial evidence, we are bound by the jury's verdict." *State v. Laffey*, 600 N.W.2d 57, 59-60 (Iowa 1999). Considering the record before the jury, we conclude substantial evidence existed upon which the

jury found beyond a reasonable doubt that Duffel was intoxicated in a public place.[2]  We affirm on this issue.

### III.    Ineffective Assistance of Counsel

Duffel contends his trial counsel was ineffective in failing to file a motion to suppress or object to the admission of evidence of the preliminary breath test[3] or the "inconsistent" jury instruction referencing "alcohol concentration."[4]

We review ineffective-assistance-of-counsel claims de novo.  *See Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015).  To succeed on such a claim, Duffel must prove both that (1) his counsel failed to perform an essential duty, and (2) he suffered prejudice as a result of his counsel's failure.  *See id.*  Duffel must prove both the "essential duty" and "prejudice" prongs by a preponderance of the evidence.  *See State v. Ross*, 845 N.W.2d 692, 697-98 (Iowa 2014).  "There is a presumption the attorney acted competently, and prejudice will not be found unless there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012) (internal quotation marks omitted).

"Even though these claims are generally preserved for postconviction relief, when presented with a sufficient record this court will address such a

---

[2] Although in determining the sufficiency of the evidence, all evidence admitted during the trial—even erroneously admitted evidence—should be considered, *see State v. Dullard*, 668 N.W.2d 585, 597 (Iowa 2003), we note that in reaching our conclusion on this claim we have not considered evidence of Duffel's preliminary breath test.

[3] At trial, Officer Cottrell testified that Duffel's preliminary breath test result was 0.177.

[4] The jury instruction Duffel challenges is Instruction No. 8, which states: "The alcohol concentration established by an analysis of a sample of a person's breath withdrawn within two hours of the person's arrest is presumed to be the alcohol concentration at the time he was arrested."

claim." *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). If we determine the claim cannot be addressed on appeal, however, we must preserve it for a postconviction relief proceeding, regardless of our view of the potential viability of the claim. *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010). We find the record adequate to address Duffel's claims at this juncture.

Without deciding the admissibility of the references to the preliminary breath test in the officer's testimony or alcohol concentration in the jury instructions, we turn to the prejudice prong of Duffel's claim of ineffective assistance with respect to this evidence. As discussed above, the jury heard ample other evidence upon which to rely to conclude Duffel was intoxicated. The fact that Duffel was openly drinking beer in front of a closed store just across the street from the police station hours after a police officer warned him not to drink in public supports a finding that Duffel's reasoning, judgment, or mental ability was affected or impaired. The fact that Duffel poured beer out on the sidewalk in front of the officer also indicates his judgment was impaired. The fact that Duffel was "visibly intoxicated" and speaking with "slurred speech" supports a finding he had to some extent lost control of his bodily actions. The jury also viewed the video depicting Duffel's demeanor and speech. The jury was properly instructed on the elements of the crime and the definition of intoxication, neither of which implicated alcohol concentration levels as a basis for conviction.

Under these circumstances, Duffel has not sustained his burden to demonstrate a reasonable probability of a different result had the challenged evidence been stricken. Duffel's claim of ineffective assistance on these grounds fails. *See State v. Polly*, 657 N.W.2d 462, 465 (Iowa 2003) (noting failure to

prove either element by a preponderance of the evidence is fatal to the claim).

We affirm on this issue.

### *IV.* *Conclusion*

Upon consideration of the issues raised on appeal, we affirm Duffel's judgment and sentence for public intoxication, third offense.

**AFFIRMED.**