# IN THE COURT OF APPEALS OF IOWA

No. 16-1697
Filed September 27, 2017

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**WENDY LYNN HORAK,**
     Defendant-Appellant.

_____

Appeal from the Iowa District Court for Linn County, Ian K. Thornhill, Judge.

The defendant appeals her sentences. **AFFIRMED.**

Gerald J. Kucera, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., Doyle, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**BLANE, Senior Judge.**

Wendy Horak was sentenced to a term of incarceration not to exceed five years for her convictions for forgery and gathering where controlled substances are used and possessed (methamphetamine). At the same sentencing hearing, the court revoked Horak's probation in two additional cases and imposed the original sentences: five years for forgery and ten years for money laundering. The court ordered the sentences resulting from the revoked probation to run concurrent to each other but consecutive to the new sentences, for a total term of incarceration not to exceed fifteen years.

Horak appeals, claiming the district court failed to provide an adequate explanation for imposing consecutive sentences using the pertinent sentencing factors and reached its decision by relying on improper factors. More specifically, Horak complains the court imposed consecutive sentences because of "the message it sends," which she maintains is neither an appropriate sentencing consideration nor an adequate reason.

"Our review of a sentence imposed in a criminal case is for correction of errors at law." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *Id.* "A district court abuses its discretion when it exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable. A district court's ground or reason is untenable when it is not supported by substantial evidence or when it is based on an erroneous application of the law." *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016) (citation omitted).

When imposing the sentences, the court stated the following:

> Now, the State is recommending that these two sentences run concurrent to each other but consecutive to your other sentences. Again, based upon your criminal history and your conduct, I don't think that running all of these sentences consecutively is out of line. However, I'll go with the State's recommendation on these new charges and run these two five-year sentences concurrently with each other, but I do think that they should be consecutive to your prior sentences because, again, being on probation and being given several chances is not a license to go out and keep committing crimes, and that's exactly what you've done here. And to do anything other than give you a consecutive sentence for these new offenses, to me, sends the wrong message to you and the wrong message in general.
>
> The consecutive sentences are warranted because these are new offenses, and the fact that they were done when you were on probation certainly heightens the seriousness in my mind. And, again, I think they—these—both of these new ones do warrant to be run consecutive with each other as well, but I'm going with the State's recommendation and running them concurrently. So you're going to prison for a total of an indeterminate term not to exceed 15 years.
>
> Now, on the flip side of this, if you are sincere with your newfound motivation to make good, then you're going to get a chance to do that. Prison will give you some programs to deal with that and the Parole Board will take all that into account. I'll certainly recommend to the Parole Board that they consider all possible avenues and benefits that they have at their disposal and under their jurisdiction, and if you earn the right to be paroled, then you should do that.
>
> And I know you've been down this road before and you had a chance at least once in the past where you were paroled and had that revoked, but it looks like your—if your current motivation continues, then perhaps you'll be successful this time around.

Horak claims the court's statement that it was imposing consecutive sentences because to do otherwise "sends the wrong message to you and the wrong message in general" shows the court considered an improper factor. She relies on *State v. Laffey*, 600 N.W.2d 57, 62 (Iowa 1999) to support her claim. In *Laffey*, the sentencing court listed as one of its considerations for imposing consecutive sentences the difficulty in explaining to a young victim of sexual

abuse "why the crime against her did not require punishment when the crime against the other child did." 600 N.W.2d at 62. Our supreme court noted that such an explanation may be difficult but found such a consideration was not appropriate in determining what sentence to impose, stating:

> This difficulty does not go to the nature or severity of the offense; it is unrelated to the circumstances of the crime; it does not reflect on the defendant's character or propensities, or on his chances for reform or rehabilitation; and it has no bearing on the court's duty to protect the community from further offenses by the defendant or others.

*Id.* In response, the State claims the court's use of the colloquialism "send the message" was actually a reference to deterrence, both of Horak, specifically, and others generally. We agree with the State's understanding.

The sentencing court's consideration of deterrence falls within its mandate to impose a sentence that "protect[s] . . . the community from the further offenses by the defendant and others." *See* Iowa Code § 901.5 (2016). Moreover, deterrence is a "legitimate penological justification." *See State v. Oliver*, 812 N.W.2d 636, 646 (Iowa 2012). We have approved of a sentencing court's imposition of "a more severe consequence to stand as both a general and specific deterrence." *See State v. Villa*, No. 11-1134, 2012 WL 1247115, at *2 (Iowa Ct. App. Apr. 11, 2012). The court's statement it was imposing consecutive sentences because doing otherwise "sends the wrong message to you and the wrong message in general" was not an improper factor.

Also, the court did not fail to provide an adequate reason on the record for ordering consecutive sentences. The court referenced Horak's lengthy criminal history of twenty years; the goal of deterrence; the seriousness of the offenses,

committed while Horak was already on probation for other felonies; and Horak's chances of rehabilitation. These are proper factors to be considered, *see State v. Leckington*, 713 N.W.2d 208, 216 (Iowa 2006), and the court's recitation provided "detailed reasons for a sentence specific to the individual defendant and crimes," *Hill*, 878 N.W.2d at 275.

We affirm.

**AFFIRMED.**