# IN THE COURT OF APPEALS OF IOWA

No. 16-1981
Filed February 7, 2018

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**RAYMOND ALLEN SHORTER,**
       Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.


Raymond Allen Shorter appeals his conviction for second-degree robbery following a jury trial. **AFFIRMED.**


Tabitha L. Turner of Turner Law Firm, P.L.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.


Considered by Danilson, C.J., and Vaitheswaran and Bower, JJ.

**VAITHESWARAN, Judge.**

A jury found Raymond Allen Shorter guilty of second-degree robbery. On appeal, Shorter challenges the sufficiency of the evidence supporting the jury's finding of guilt. Our review is for substantial evidence. *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012).

The jury was instructed that the State would have to prove the following elements of second-degree robbery:

> 1. On or about the 1st day of July, 2015, the defendant, or someone he aided and abetted, had the specific intent to commit a theft.
> 2. In carrying out his intention or to assist him in escaping from the scene, with or without the stolen property, the defendant, or someone he aided and abetted, committed an assault causing bodily injury on Christopher Cortez.

"Specific intent" was defined as, "Not only being aware of doing an act and doing it voluntarily, but in addition, doing with a specific purpose in mind." "Aid and abet" was defined as, "To knowingly approve and agree to the commission of a crime, either by active participation in it or by knowingly advising or encouraging the act in some way before or when it is committed." Assault was defined as occurring when:

> A person does an act which is intended to cause pain or injury, or result in physical contact which will be insulting or offensive, or was intended to place another person in fear of immediate physical contact which will be painful, injurious, insulting or offensive to another person, when coupled with apparent ability to do the act.

Finally, the court defined "bodily injury" as "physical pain, illness, or any impairment of physical condition."

Shorter challenges all elements except the "bodily injury element." He preserved error through his detailed motion for judgment of acquittal.

A reasonable juror could have found the following facts. Christopher Cortez checked into a motel room and partied with several individuals. Early in the morning, he agreed to drive four people home. After dropping one of them off, he drove to an apartment complex in Des Moines. One of the men in the car told Cortez to turn the engine off. According to Cortez, "The next thing [he] kn[e]w [he] felt like [he] was getting grouped and beat up." Cortez was asked if he believed he was being hit "by everybody in the car." He answered, "As best I could, yes."

As Cortez was being punched, he felt hands going into his pockets, which contained his wallet, phone, and music. He later saw his "wallet in Mr. Shorter's hands." Shortly after the assault, Cortez's credit card was used at a nearby convenience store. Neither Cortez nor his father, who was a joint owner of the credit card, authorized its use.

A surveillance camera at the convenience store showed Shorter entering the store and appeared to show him using the card at the ATM machine. The three young men then approached the cashier. Shorter obtained cash, split it with one of the individuals, and walked out of the store.

In a pretrial telephone interview with police, Shorter confirmed key aspects of Cortez's testimony. He admitted going to the convenience store, admitted the credit card was used, and did not deny taking money. Although he vehemently denied laying a hand on Cortez, a reasonable juror could have found he aided and abetted in the assault and theft. *See State v. Laffey*, 600 N.W.2d 57, 59 (Iowa 1999) ("[I]t is for the jury to judge the credibility of the witnesses and weigh the evidence.").

Substantial evidence supports the jury's finding of guilt.  We affirm Shorter's conviction for second-degree robbery.  We decline to address his unspecified ineffective-assistance-of-counsel claim.

**AFFIRMED.**