# IN THE COURT OF APPEALS OF IOWA

No. 17-0822
Filed March 21, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MYRNA RAE HOCKEMEIER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Boone County, Steven J. Oeth, Judge.

        Myrna Hockemeier appeals the sentence imposed after she pled guilty to one count of first-degree theft.  **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

        Considered by Vogel, P.J., Potterfield, J., and Carr, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**CARR, Senior Judge.**

Myrna Hockemeier appeals the sentence imposed after she pled guilty to one count of first-degree theft. She contends the district court abused its discretion by considering improper factors in sentencing her to an indeterminate term of up to ten years in prison. She asks us to vacate her sentence and remand for resentencing.

We review sentencing decisions for the correction of errors at law. *See State v. Gonzalez*, 582 N.W.2d 515, 516 (Iowa 1998). We will only disturb a sentence if the sentencing court abused its discretion in imposing the sentence or a defect occurred in the sentencing procedure. *See id.* A defect occurs in the sentencing procedure when the sentencing court considers an improper factor in imposing the sentence. *See id.* If the sentencing court considered an improper factor, even as a secondary consideration, resentencing is required. *See State v. Lovell*, 857 N.W.2d 241, 243 (Iowa 2014). Proper factors the court must consider in imposing sentence include "the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of his reform." *State v. Hildebrand*, 280 N.W.2d 393, 396 (Iowa 1979).

The question before us is whether the court considered an improper factor in imposing Hockemeier's sentence. At the sentencing hearing, the court found a number of factors weighed in Hockemeier's favor. Specifically, the court noted her age, the absence of a prior criminal history, her work history, favorable impressions members of the community held of her, the absence of substance-abuse or mental-health issues, and the support of her family. The court also noted the factors that weighed against Hockemeier: the nature of the offense she committed

and the need to protect the community from further offenses. In considering the nature of the offense, the court noted that although Hockemeier pled guilty to one count of first-degree theft, she "acknowledged that that offense had taken place over a long period of time" and it involved "very significant amounts of money." The court concluded by stating,

> [A]s I consider the impact of the sentence as it will have on other members of the community and when I consider the nature of the offense, specifically the quantity, the amount stolen, and the fact that it was not just a one-time thing but rather it was an ongoing thing where you, essentially every time you did something, had to realize you were making a terrible mistake, and I'm convinced that you knew . . . significantly better, okay?
> What I'm trying to tell you is . . . [that] as I weigh all those things, I conclude that I have to send you to prison.

Hockemeier first alleges the sentencing court improperly considered an unproven offense. *See State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002) (stating the court may not consider an unprosecuted or unproven offense in sentencing a defendant). Specifically, she alleges the court improperly considered the unproven offense of ongoing criminal conduct. The State originally charged Hockemeier with ongoing criminal conduct before entering into a plea agreement whereby Hockemeier would enter a guilty plea to first-degree theft. Although the court makes reference to the fact that the theft to which she pled guilty was "ongoing," it is clear from the record that the court was referring to the nature of the offense rather than the unproven charge of ongoing criminal conduct. The court did not consider an unproven offense in sentencing Hockemeier.

Hockemeier also claims that the district court improperly considered the effect her sentence would have on the community. She cites to *State v. Laffey*, 600 N.W.2d 57, 62 (Iowa 1999), in which the supreme court held that the

sentencing court improperly considered "the difficulty that might be experienced in explaining the rationale of concurrent versus consecutive sentencing to young victims" in sentencing the defendant. Extrapolating from this holding, Hockemeier argues the court exhibited "overly-solicitious concern" about the impact her sentence would have on the community. We find no merit in this claim. From the record of the sentencing hearing, it is evident that the court did not consider the community's perception of Hockemeier's sentence but rather the effect the sentence would have in protecting the community by deterring others from engaging in similar offenses. This factor was properly considered. *See* Iowa Code § 901.5 (2016) (requiring the sentencing court to determine the sentence that "will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others").

The record shows the sentencing court considered proper factors in determining Hockemeier's sentence. Accordingly, we affirm.

**AFFIRMED.**