# IN THE COURT OF APPEALS OF IOWA

No. 18-0998
Filed May 15, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TIMOTHY ERIC SMELTSER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Lee (South) County, John M. Wright
and Mary Ann Brown (correctional-fee order), Judges.


        Following a guilty plea, Timothy Smeltser appeals his sentence.

**SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**


        Mark C. Smith, State Appellate Defender, (until withdrawal) and Martha J.
Lucey, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney
General, for appellee.


        Considered by Vaitheswaran, P.J., and Doyle and Tabor, JJ.

**VAITHESWARAN, Presiding Judge.**

Timothy Smeltser pled guilty to aiding and abetting second-degree burglary, in violation of Iowa Code sections 713.1, 713.5(1)(b), and 703.1 (2017). The district court sentenced Smeltser to a prison term not exceeding ten years and ordered him to pay victim restitution, a law-enforcement surcharge, and a fine, which was suspended. The court waived reimbursement for attorney fees in light of the prison sentence. Finally, the court ordered, "Court costs in an amount to be assessed by the Clerk of Court."[1] In a post-sentencing order, the court required Smeltser to pay correctional (jail) fees of $1680 but acknowledged Smeltser had a right to seek a modification of the restitution plan once it was complete. The court stated his ability to pay would only be considered "when the plan of restitution is completed."

On appeal, Smeltzer argues (1) "the district court erred in ordering [him] to reimburse the State for court costs and correctional fees without first considering his reasonable ability to pay such restitution" and (2) "the sentencing court abused its discretion" in considering facts that were "unsupported by the record."

## I.    *Court Costs and Correctional Fees*

The supreme court recently addressed the proper procedure for ordering restitution and for considering a defendant's reasonable ability to pay restitution. *See State v. Albright*, 925 N.W.2d 144, 158–61 (Iowa 2019). We summarized the opinion in *State v. Northern*, No. 18-1634, filed on this date. In short, the court stated, "Until the court issues the final restitution order, the court is not required to

---

[1] Prior to sentencing, the clerk of court filed a statement estimating court costs at $215.

consider the offender's reasonable ability to pay." *Albright*, 925 N.W.2d at 160–61. The court held, "Once the court has all the items of restitution before it, then and only then shall the court make an assessment as to the offender's reasonable ability to pay." *Id.* at 162.

Although Smeltser's case predated *Albright*, the post-sentencing "jail-fee order" correctly recited precedent reaffirmed in *Albright*.[2] At the same time, the court ordered Smeltser to pay the jail fees. Under *Albright*, imposition of the fees must await the filing of a final restitution plan and a determination of Smeltser's ability to pay. *See id.* The same holds true for the court's imposition of court costs. *See id.* Applying *Albright*, we vacate the sentencing court's assessment of correctional fees and court costs against Smeltser pending completion of a final restitution order and a subsequent assessment of his reasonable ability to pay.

## II.      *Consideration of Facts Outside the Record*

Smeltser served as caretaker for his disabled wife. He received public funds to compensate him for the service. At sentencing, the prosecutor informed the court that Smeltser's wife also was convicted of second-degree burglary. In light of this information, the district court asked Smeltser, "Can you explain to me, then, why, if your wife is on disability and receives disability payments from the government, that you and she were burglarizing a home?" Smeltser responded that he could not, other than to excuse their conduct based on heavy drug use. In imposing sentence, the court made reference to the involvement of Smeltser's wife as follows:

---

[2] The post-sentencing order was filed before Smeltser appealed.

I also, if my questions to you weren't indicative of my opinion, take into consideration that it is really hard to believe that you were your wife's caregiver and that she was disabled at the time the two of you committed this offense. It's a factor I do take into consideration as to you aiding and abetting your wife, who was supposed to be disabled, burglarizing another home.

On appeal, Smeltser contends the district court expressed a "belief that [his] wife was not disabled and [he] was not her caretaker," a belief that he alleges is unsupported by the record. To the contrary, the court simply weighed the nature of the offense—joint breaking and entering into an occupied home—against the arguably mitigating circumstance of Smeltser's obligation to care for his disabled wife. We discern no abuse of discretion in the court's statements. *See State v. Laffey*, 600 N.W.2d 57, 62 (Iowa 1999); *see also* Iowa Code § 901.5.

We affirm all portions of the sentencing and post-sentencing orders except the district court's imposition of correctional fees and court costs. We vacate those portions of the orders and remand for receipt of the final restitution plan and consideration of Smeltser's reasonable ability to pay.

**SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**