# IN THE COURT OF APPEALS OF IOWA

No. 24-1654
Filed July 2, 2025

**GEORGE ALEX LEE CUE JR.,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Boone County, Amy M. Moore, Judge.

An applicant appeals the denial of postconviction relief, which the district court below treated as an illegal-sentence challenge. **AFFIRMED.**

Francis Hurley, Des Moines, for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered without oral argument by Schumacher, P.J., and Buller and Sandy, JJ.

**BULLER, Judge.**

This case comes to us with an unusual procedural posture: the district court treated George Cue's untimely application for postconviction relief as a motion to correct an illegal sentence. Cue's application cited *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), to claim that Iowa's mandatory-minimum-sentencing scheme for certain class "B" felonies (seemingly as applied and on its face) was incompatible with our historical traditions and therefore cruel and unusual punishment. The district court denied relief, finding Cue cited "absolutely no authority to support his proposition that the *Bruen* test should be profoundly expanded to include sentencing schemes for sex offenses." We affirm for the same reason, and we reject another challenge raised for the first time on appeal.

Cue pled guilty in 2019 to four counts of sexual abuse in the second degree, class "B" felonies in violation of Iowa Code section 709.3(1)(b) (2017), for raping and molesting his minor children over the course of years. The sentencing court ran half of the counts concurrent and half consecutive, amounting to two consecutive twenty-five-year prison sentences, each of which has its own 70% mandatory minimum. We affirmed on direct appeal. *See State v. Cue*, No. 19-2150, 2020 WL 6157813, at *4 (Iowa Ct. App. Oct. 21, 2020).

Cue filed the application giving rise to this action in 2024. He appeals[1] from the denial we quoted above. And in his appellate papers, he impliedly or partially

---

[1] As the State notes, the odd procedural posture begs the question of whether this matter should be appealable as of right or if certiorari should be required. *See State v. Propps*, 897 N.W.2d 91, 96–97 (Iowa 2017). We assume without deciding this matter may proceed as an appeal under Iowa Code section 822.9 (2024). We discern no basis that would justify exercising our extraordinary jurisdiction.

abandons his *Bruen* challenge from below and adds a gross-disproportionality challenge based on *State v. Bruegger*, 773 N.W.2d 862, 871–73, 884 (Iowa 2009). We review both constitutional sentencing claims de novo. *See State v. Miller*, 16 N.W.3d 663, 672 (Iowa 2024).

First, to the extent it is before us, we reject any claim grounded in *Bruen*. We recently disposed of a similar *Bruen* challenge to the statute of limitations for postconviction relief. *See Neal v. State*, No. 24-0669, 2025 WL 1321447, at *1 & n.1 (Iowa Ct. App. May 7, 2025) (collecting cases). We relied on three rationales: no other court had expanded *Bruen* beyond the Second Amendment, and the applicant offered no compelling reason we should be the first; existing case law rejected the claim on the merits; and Iowa's historical traditions did not, in fact, support the applicant's position. *See id.* at *1. All of those considerations require us to affirm here too. First, we are still aware of no court expanding *Bruen* beyond the Second Amendment, and Cue—like the applicant in *Neal*—offers no compelling reason we should be the first. Second, existing Iowa law requires us to reject the claim. *See State v. Laffey*, 600 N.W.2d 57, 61–62 (Iowa 1999) (rejecting a cruel-and-unusual-punishment challenge to an identical prison sentence for identical convictions, with an even greater mandatory minimum). And third, history does not favor the leniency Cue seeks: rape was a capital crime when the Eighth Amendment was adopted. *See Woodson v. North Carolina*, 428 U.S. 280, 289 (1976). *Bruen* is not a magic talisman reopening litigation of every constitutional right for prison inmates, and it is no basis for relief on Cue's claims.

4

Next, to the extent the *Bruegger*-type challenge is properly before us,[2] we reject it too. *Laffey* requires—or at least strongly suggests—that we reject Cue's claim: the supreme court there upheld two consecutive twenty-five-year sentences for child sex abuse based on only two counts, while here Cue pled guilty to four. *See* 600 N.W.2d at 61. Cue doesn't address *Laffey* or similar cases in his opening brief and didn't file a reply. He concedes his "crimes were heinous" but seeks "remand" and for us to instruct the district court to conduct an individualized assessment of the mandatory minimum. A remand would do nothing but reward Cue for raising new issues for the first time on appeal. And under *Laffey*, we discern no basis for a remand even if we were persuaded to order one (and we're not). Last, as a general observation, we note Cue in fact received an individualized sentence: the sentencing court had options that ranged from all counts concurrent to all counts consecutive, and the court selected an option in the middle. We discern no ground on which we could find that the court's exercise of discretion was cruel and unusual.

**AFFIRMED.**

---

[2] We doubt we can decide this claim, raised for the first time on appeal, without an evidentiary record. *See* Iowa R. Crim. P. 2.24(5)(a) cmt. (noting the rules of criminal procedure authorizing correction of an illegal sentence at "any time" only apply to the district court; but also noting the rule was not intended to displace existing case law). *But see Bruegger*, 773 N.W.2d at 870–72 (reaching the issue for the first time in a direct criminal appeal). In at least one unpublished decision, this court has dismissed an appeal from a postconviction ruling that raised a *Bruegger* claim for the first time on appeal. *See Cargill v. State*, No. 10-0099, 2010 WL 5394751, at *1 (Iowa Ct. App. Dec. 22, 2010). Because the State does not challenge error preservation and did not ask us to dismiss the appeal, we assume without deciding we can reach this claim.