# IN THE COURT OF APPEALS OF IOWA

———————————

No. 24-1839
Filed May 13, 2026

———————————

**State of Iowa,**
Plaintiff–Appellee,
v.
**Aleo Bellai,**
Defendant–Appellant.

———————————

Appeal from the Iowa District Court for Story County,
The Honorable Stephen A. Owen, Judge.

———————————

**AFFIRMED**

———————————

John C. Heinicke of Kragnes & Associates, P.C., West Des Moines,
attorney for appellant.

Brenna Bird, Attorney General, and Tessa Register, Assistant Attorney
General, attorneys for appellee.

———————————

Considered without oral argument
by Schumacher, P.J., and Ahlers and Badding, JJ.
Opinion by Schumacher, P.J.

1

**SCHUMACHER, Presiding Judge.**

Aleo Bellai appeals his conviction for assault on persons in certain occupations in violation of Iowa Code section 708.3A(4) (2024), asserting the evidence is insufficient to support the jury verdict. Upon our review, we affirm the conviction.

## I.      Background Facts & Proceedings

A reasonable jury could find the following facts. On the day of the incident in question, Bellai was an inmate at the Story County Jail and was being disruptive by kicking the metal door of the cell he occupied. Four jail officers removed Bellai from the cell to place him in a restraint chair. While the officers were securing Bellai into the chair, Officer Geffre stood behind him. Bellai resisted the officers by refusing to spread his wrists apart so his arms could be strapped to the chair. Officer Geffre used a technique where he placed his hands on Bellai's jaw to lessen his resistance. Bellai then spit into the air, hitting Officer Geffre in the eyes and forehead.

After securing Bellai, Officer Geffre went to an officer's station and cleaned his face with a Clorox wipe. When Bellai was being wheeled away, video footage with audio showed him stating, "I would hate to get my face spit on." He also directed a statement to Officer Geffre: "That's tough. Were you thirsty bro? You thirsty?" Officer Geffre then told Bellai he would be charged with assault, and Bellai responded, "You can't assault someone with spit."

The State charged Bellai with assault on persons in certain occupations, and he was convicted following a jury trial. He was sentenced to incarceration in the county jail for one year with all but 120 days suspended, with credit for time served. Bellai now appeals that conviction.

## II.     Analysis

We review challenges to "the sufficiency of the evidence for correction of errors at law." *State v. Crawford*, 972 N.W.2d 189, 202 (Iowa 2022).

> In conducting that review, we are highly deferential to the jury's verdict. The jury's verdict binds this court if the verdict is supported by substantial evidence. Substantial evidence is evidence sufficient to convince a rational trier of fact the defendant is guilty beyond a reasonable doubt. In determining whether the jury's verdict is supported by substantial evidence, we view the evidence in the light most favorable to the State, including all legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence.

*Id.* (cleaned up). To convict Bellai of assault on persons in certain occupations, the State had to prove:

> 1. On or about the 17th day of June 2024 in the State of Iowa, Aleo Bellai did an act which was intended to result in physical contact that was insulting or offensive to Detention Officer Tracy Geffre.
>
> 2. Aleo Bellai had the apparent ability to do the act.
>
> 3. Aleo Bellai knew Detention Officer Tracy Geffre was a jailer with the Story County Jail at the time of the act.

*See State v. Banes*, 910 N.W.2d 634, 639 (Iowa Ct. App. 2018) ("Where, as here, the jury was instructed without objection, the jury instruction becomes law of the case for the purposes of reviewing the sufficiency of the evidence.").

Bellai admits that he did spit during the incident. But he argues that he spat on the floor and not at anyone and the evidence supporting that he intentionally directed his spit at a person is speculative. We disagree.

There is substantial evidence to convince the jury that Bellai intentionally spat on Officer Geffre. This evidence includes: (1) Officer

Geffre saw the spit and felt it on his face; (2) Officer Geffre found it offensive; (3) Officer Geffre went to the officer's station to wipe the spit off his face; (4) three other officers witnessed Bellai spit into the air at Officer Geffre; (5) Bellai taunted Officer Geffre regarding the incident; and (6) Bellai stated, "You can't assault someone with spit."

Although Bellai claims he did not intentionally spit on Officer Geffre, the jury was free to assess the credibility of Bellai's version of events and reject it. *See State v. Hilpipre*, No. 22-2033, 2024 WL 2042157, at *4 (Iowa Ct. App. May 8, 2024) (citing *State v. Laffey*, 600 N.W.2d 57, 59 (Iowa 1999)). We are deferential to the jury's verdict, and the evidence was sufficient to convince the jury that Bellai was guilty beyond a reasonable doubt. *See Crawford*, 972 N.W.2d at 202.

## III.    Conclusion

We affirm Bellai's conviction of assault on persons in certain occupations.

**AFFIRMED.**