**STATE of Iowa, Appellee,**

v.

**Blake Alan PRIVITT, Appellant.**

**No. 96–2219.**

Supreme Court of Iowa.

Nov. 26, 1997.

Alfredo Parrish of Parrish, Kruidenier, Moss, Dunn & Montgomery, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Ann E. Brenden and Ronald M. Sotak, Assistant Attorneys General, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, LAVORATO, and SNELL, JJ.

HARRIS, Justice.

By this appeal Blake Alan Privitt raises a two-fold challenge to his sentences for second-degree murder and for first-degree robbery. A juvenile, he contends he should have received a deferred judgment on the murder conviction. Privitt also challenges the imposition of consecutive, rather than concurrent, sentences. Because we find no abuse of discretion on either challenge, we affirm.

In October 1994, Privitt and three other teen-age boys from northern Missouri stopped a car in Marshall County, Iowa, and proceeded to rob and murder the sole occupant, Rebecca Hauser. Privitt was fifteen years old at the time. The four were arrested and charged with first-degree murder (Iowa Code § 707.2 (1993)) and first-degree robbery (Iowa Code § 711.2). Pursuant to agreement, and in view of his pledge to testify in the three other prosecutions, Privitt pled guilty to second-degree murder (Iowa Code § 707.3) and to first-degree robbery. The State made no promises regarding Privitt's sentences.

In arguing he should be given a deferred judgment on the murder conviction Privitt relies on Iowa Code section 232.8(3). This provision allows a court to defer judgment when sentencing a juvenile and place the juvenile on probation. Privitt maintained a deferred judgment was appropriate because of the following: (1) his age at the time of the incident; (2) his claimed lack of affirmative participation in the execution of the crime; (3) his claimed lack of major prior criminal history; (4) his acquisition of a high school

general equivalency degree (GED) while awaiting sentencing; and (5) his possibility of rehabilitation. In view of the same contentions Privitt also requested for his sentences to run concurrently.

The district court rejected both requests and sentenced Privitt to the statutory term of not to exceed fifty years on his murder charge (Iowa Code § 707.3), and for the statutory term of not to exceed twenty-five years on the robbery charge (Iowa Code § 902.9). The terms were ordered to run consecutively.

I. We review the district court's determination not to grant a deferred judgment under Code section 232.8(3) for an abuse of discretion. *State v. Greiman*, 344 N.W.2d 249, 253 (Iowa 1984). When a person is sentenced for two or more offenses, Iowa Code section 901.8 authorizes the sentencing judge to order the sentences to run consecutively, rather than concurrently. Our review of a determination to impose consecutive sentences is also for an abuse of discretion. *State v. Johnson*, 476 N.W.2d 330, 335 (Iowa 1991). An abuse of discretion is found only when the sentencing court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996).

II. The district court acted well within its discretion in rejecting Privitt's request for a deferred sentence on the murder count. Privitt relies on his youth and possibility of rehabilitation, and emphasizes that he was not a leading participant when the victim was fatally confronted. He stayed in the vehicle in which the four teenagers had traveled from Missouri, and in fact unsuccessfully suggested that the victim be spared.

The sentencing court was dissuaded from granting the request on the basis of factual findings that can find support in the record. The court found little in Privitt's past indicating he was a likely prospect for rehabilitation. Notwithstanding his subsequent (while in jail awaiting trial) acquisition of a GED, his school record ranged from poor to dismal. He was a school dropout. One of his former teachers feared for her safety because of Privitt's involvement in harassing her and vandalizing her home. Privitt moreover had an extensive juvenile court record in Missouri and, at the time of the tragedy here in Iowa, was already on probation in Missouri for burglary and theft.

The sentencing court recognized Privitt's position in his parents' vehicle at the time two of the other teenagers confronted the victim in her car. The court also acknowledged Privitt suggested breaking off the crime just before the actual murder. These two factors obviously formed the basis for the plea bargain by which the first-degree murder charge was reduced to second-degree murder and both militated in Privitt's favor. But these factors must be considered together with others strongly militating against him. The whole criminal venture, beginning with his taking of his parents' car—initially at least without permission, was undertaken with his full participation. He never withdrew from that participation, and personally handled and sorted through the victim's purse after her murder.

The record does not support Privitt's claim that the sentencing court abused its discretion in refusing a deferred sentence. For the same reasons it does not support his claim of abuse in connection with imposition of consecutive sentences.

**AFFIRMED.**