**IN THE COURT OF APPEALS OF IOWA**

No. 14-1950
Filed March 23, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RICKY LEE CHILDS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Marlita A. Greve,

Judge.

        The defendant challenges his sentences for possession of a controlled

substance with intent to deliver and failure to possess a drug tax stamp.

**AFFIRMED.**

        Joel Walker of the Law Office of Joel Walker, Davenport, for appellant.

        Thomas J. Miller, Attorney General, and Kevin Cmelik, Assistant Attorney

General, for appellee.

        Considered by Tabor, P.J., and Bower and McDonald, JJ.

**MCDONALD, Judge.**

Ricky Childs was convicted of possession of a controlled substance with intent to deliver, in violation of Iowa Code section 124.401(1)(c)(2) (2013), and failure to have a drug tax stamp, in violation of Iowa Code section 453B.12. The district court sentenced Childs to an indeterminate term of incarceration not to exceed ten years for the former and five years for the latter, said sentences to run concurrent with each other. Childs challenges his sentences, contending the district court abused its discretion by ordering incarceration rather than probation.

The district court's sentence is cloaked with a strong presumption of regularity, and we will not vacate sentence absent an abuse of discretion. *See State v. Floyd*, 466 N.W.2d 919, 924 (Iowa Ct. App. 1990). To establish an abuse of discretion, the defendant must show the sentencing court exercised its discretion "on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Privitt*, 571 N.W.2d 484, 486 (Iowa 1997). "In exercising its discretion, the district court is to weigh all pertinent matters in determining a proper sentence, including the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or chances for reform." *State v. Johnson*, 513 N.W.2d 717, 719 (Iowa 1994). Although "[a] sentencing court has a duty to consider all the circumstances of a particular case," it is not "required to specifically acknowledge each claim of mitigation urged by a defendant." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). "Furthermore, the failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered." *Id.*

Other than mere disagreement with the district court's sentencing decision, Childs has not identified an alleged abuse of discretion. We find none. The district court recognized it had the discretion to determine the sentence; considered only relevant factors in imposing sentence, including the defendant's criminal history, employment history, and substance abuse history; and did not consider any impermissible factors in imposing sentence. The defendant's sentences are affirmed.

**AFFIRMED.**