# IN THE COURT OF APPEALS OF IOWA

No. 16-0382
Filed December 21, 2016

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**KAREEM HENSHAW,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Dustria A. Relph, Judge.

A defendant appeals the imposition of judgment and sentence, following the revocation of his deferred judgment. **AFFIRMED.**

Matthew R. O'Hollearn of Brick Gentry, P.C., West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VOGEL, Presiding Judge.**

Kareem Henshaw appeals his sentence following his guilty plea to possession of a controlled substance with intent to deliver, to wit: cocaine base "crack," in violation of Iowa Code section 124.401(1)(b)(3) (2013). Henshaw claims the district court abused its discretion by sentencing him to incarceration, rather than probation.

I.    Background Facts and Proceedings

On November 6, 2014, Henshaw pled guilty to possession of a controlled substance with intent to deliver. Henshaw was granted a deferred judgment and four years of probation. On June 17, 2015, Henshaw's probation officer filed a report that stated Henshaw had violated his probation by testing positive for marijuana, missing appointments, and failing to make required payments related to his conviction. The report requested Henshaw's probation be revoked. After a contested hearing, the court left the deferred judgment in place, continued Henshaw's probation, and ordered Henshaw to attend in-patient substance abuse and mental-health treatment through the Veterans Administration.

On November 24, 2015, Henshaw's probation officer filed another report requesting Henshaw's probation be revoked following Henshaw's arrest for possession of marijuana with intent to deliver. Henshaw stipulated to the violation. At the hearing, the State presented evidence police were alerted to a suspicious package by a postal inspector, a dog sniff had indicated that the package contained narcotics, and after a search warrant was obtained, the package was opened and discovered to contain a pound of marijuana. The package was then delivered to the address listed, and law enforcement observed

Henshaw accept the package. The court found that Henshaw violated his probation; the State argued his deferred judgment and probation should be revoked, while Henshaw argued he should be given another chance at treatment. The court revoked Henshaw's deferred judgment and probation and sentenced him to prison. Henshaw appeals.

## II.     Standard of Review

A sentence that falls within statutory limits is reviewed for abuse of discretion on appeal. *State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015). "An abuse of discretion is found only when the sentencing court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Privitt*, 571 N.W.2d 484, 486 (Iowa 1997).

## III.     Imposition of Judgment and Sentence

Henshaw claims the district court abused its discretion by sentencing him to incarceration, following the revocation of his deferred judgment. Specifically, Henshaw claims the district court failed to properly consider his status as a veteran. The State disagrees.

In applying its discretion when determining sentence, the court should consider several factors, "including the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of his reform." *State v. Hildebrand*, 280 N.W.2d 393, 396 (Iowa 1979). Ultimately, the court should order a sentence that "will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." Iowa Code § 901.5

Here, we discern no abuse of discretion. In pronouncing its sentence, the district court stated:

> In considering what is the appropriate disposition in this case, I have considered the nature and circumstances of the violation that is before me today, including the statement to the officer, which I find credible. I have no reason to doubt that, other than what you are telling me. But his statement that you intended to become a big drug dealer—and then your own statement that you intended to—that you used your military skills to commit ongoing crimes.
>
> I've also considered the protection of the public from any further offenses, if I were to continue your probation. Even though you don't have an extensive criminal history, you do have an established criminal history and an established pattern of offenses now. You do have a propensity, it appears, to commit criminal acts.
>
> I have taken your statement into consideration and the statutory sentencing requirements, your mental health history, your family circumstances, your living circumstances. You don't have a stable home at this point. That is unfortunate. I am sympathetic to that.
>
> I've considered your need and potential for rehabilitation, which, obviously, your need is quite extensive, and there are a variety of places where you can get that rehabilitation. I have also considered your employment circumstances or lack thereof.
>
> Therefore, I find it appropriate to and it is ordered, adjudged and decreed that your probation is revoked, and you are adjudged to be guilty of possession of a controlled substance with the intent to deliver cocaine-based crack, which is Count I in this case.

The district court demonstrated its familiarity with the record and used that familiarity in considering the appropriate factors and imposing its sentence.[1]

Accordingly, we find there was no abuse of discretion.

---

[1] The district court specifically noted Henshaw's military service and the impact that had on its decision.

IV.     Conclusion

Because we find the district court did not abuse its discretion in imposing judgment and sentence after revoking Henshaw's deferred judgment, we affirm Henshaw's sentence.

**AFFIRMED.**