# IN THE COURT OF APPEALS OF IOWA

No. 16-1874
Filed August 2, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**SHIRLEY PHILLIPS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, William A. Price, District Associate Judge.

The defendant challenges her sentences for two counts of operating while intoxicated, in violation of Iowa Code 321J.2 (2015). **AFFIRMED.**

Raya D. Dimitrova of Carr & Wright, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Tabor and McDonald, JJ.

**MCDONALD, Judge.**

Shirley Phillips pleaded guilty to two counts of operating while intoxicated, in violation of Iowa Code section 321J.2 (2015). The record reflects the second offense occurred after the defendant absconded after being charged with the first offense. The district court sentenced the defendant to one year of incarceration for each conviction, said sentences to be served consecutively. On appeal, the defendant contends the district court abused its discretion in imposing sentence. Specifically, the district court failed to take into consideration the nonviolent nature of the offense and the fact the defendant took responsibility for her actions by pleading guilty.

Where, as here, the sentences fall within statutory limits, the sentences are cloaked with a strong presumption of regularity, and we will not vacate the sentences absent an abuse of discretion. *See State v. Floyd*, 466 N.W.2d 919, 924 (Iowa Ct. App. 1990). To establish an abuse of discretion, the defendant must show the sentencing court exercised its discretion "on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Privitt*, 571 N.W.2d 484, 486 (Iowa 1997). "In exercising its discretion, the district court is to weigh all pertinent matters in determining a proper sentence, including the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or chances for reform." *State v. Johnson*, 513 N.W.2d 717, 719 (Iowa 1994).

The defendant has failed to overcome the strong presumption of regularity afforded the sentences. The sentencing proceedings were not reported. We have no record regarding the mitigating factors actually presented to the district

court at the time of sentencing. In any event, although "[a] sentencing court has a duty to consider all the circumstances of a particular case," it is not "required to specifically acknowledge each claim of mitigation urged by a defendant." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995) (citing *State v. Robbins*, 257 N.W.2d 63, 70 (Iowa 1977)). "Furthermore, the failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered." *Id.* Here, the sentencing order provides the district court considered the following in imposing sentence: the nature and circumstances of the crime, the protection of the public, the defendant's criminal history, the defendant's substance abuse history, the defendant's propensity for further criminal acts, and statutory sentencing requirements. These are all relevant and permissible sentencing considerations. *See Johnson*, 513 N.W.2d at 719. The district court was also required to provide reasons for the imposition of consecutive sentences. *See State v. Hill*, 878 N.W.2d 269, 274 (Iowa 2016). Here, the district court stated it imposed consecutive sentences because of the defendant's criminal history (her third and fourth lifetime OWIs) and because the defendant absconded after being charged. These are permissible reasons for imposing consecutive sentences.

We affirm the defendant's sentences without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (e).

**AFFIRMED.**