# IN THE COURT OF APPEALS OF IOWA

No. 20-1143
Filed June 30, 2021

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**BRENNA ALLYN SHAFER,**
       Defendant-Appellant.
_____

       Appeal from the Iowa District Court for Monona County, Jeffrey L. Poulson,

Judge.

       A defendant appeals her indeterminate five-year prison term. **REVERSED**

**AND REMANDED FOR RESENTENCING.**

       Martha J. Lucey, State Appellate Defender, and Shellie L. Knipfer, Assistant

Appellate Defender, for appellant.

       Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney

General, for appellee.

       Considered by Bower, C.J., and Tabor and Ahlers, JJ.

**TABOR, Judge.**

Brenna Shafer appeals her indeterminate five-year sentence following her guilty plea to theft in the second degree.[1] She asserts the district court abused its discretion and considered an improper factor when imposing the sentence. In stating its reasons, the court cited an extended wait time for acceptance into a residential treatment facility because of the COVID-19 pandemic. Rather than hold Shafer in jail until a bed became available, the court ordered a prison term. The court speculated the wait in jail might exceed the time Shafer would serve in prison before the parole board granted her release. Because that speculation crowded out other pertinent sentencing factors, we reverse and remand for resentencing.

## I. Facts and Prior Proceedings

In August 2019, the Monona County Sheriff investigated a burglary at a residence in Moorhead. The burglary victims identified several items missing from their home, including electronic devices, a vacuum, a space heater, and clothing. Officers later confirmed those items were seized from Shafer's possession.

The State charged Shafer with theft in the second degree, a class "D" felony, in violation of Iowa Code sections 714.1 and 714.2(2). After reaching a plea bargain with the State, Shafer pleaded guilty to the theft charge. Under the plea agreement, Shafer obtained release on bond until sentencing. But less than

---

[1] Shafer satisfies the good-cause requirement in Iowa Code section 814.6(1)(a)(3) (2019) by challenging her sentence rather than her guilty plea. *See State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020).

a month later, Shafer was arrested and charged with possession of methamphetamine to which she pleaded guilty.

Before sentencing, the Third Judicial District Department of Correctional Services filed a presentence investigation (PSI) report recommending Shafer receive a suspended sentence and be placed on probation. The PSI report highlighted "substance abuse, impulse control, and problem solving" as main culprits of Shafer's criminal behavior. But the investigator believed those issues could be addressed through community-based resources. With that in mind, the investigator recommended Shafer be placed in a residential treatment facility rather than prison.

In July 2020, Shafer appeared for a telephonic sentencing hearing. By this point, Shafer had been incarcerated for three months. The State resisted the PSI report's recommendation for probation and argued incarceration was more appropriate given her criminal history. As an alternative, the State urged Shafer should complete a residential treatment program and be held in jail pending that placement. In contrast, the defense requested a sentence with credit for time served or probation.

The district court was torn between holding Shafer in jail pending an opening at the Sioux City residential treatment facility or sending her to prison.[2] Before making that decision, the court asked the prosecutor whether the treatment facility was accepting new placements. Because of the COVID-19 pandemic, the treatment facility had temporarily stopped taking new

---

[2] In choosing between these two options, the court explained, "I'm not going to release her again because when I did previously, she immediately reoffended."

candidates. Neither the prosecutor nor the court knew what the waiting time would be. In weighing the options, the court noted: "I'm concerned. She's been in jail for three months already. If I leave her in the jail pending [the residential treatment facility], she could actually probably be sent to prison and released sooner than she would even get into the [facility]." Fixating on that chance, the court sentenced Shafer to an indeterminate five-year prison term. Shafer now appeals that sentencing decision.

## II. Scope and Standards of Review

We review the sentence imposed for correction of legal error. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). Because Shafer's sentence is within statutory limits, it receives a strong presumption in its favor. *See id.* Given that presumption, we reverse only for an abuse of discretion or a defect in the sentencing procedure. *Id.* Consideration of an impermissible sentencing factor is an abuse of discretion that requires resentencing. *State v. Thomas*, 520 N.W.2d 311, 313 (Iowa Ct. App. 1994).

## III. Analysis

Shafer asserts the district court abused its discretion in sentencing her to prison based on its concern about the delay in admissions at the residential treatment facility. She submits the wait time for the prison alternative was an impermissible consideration. We agree; the court's speculation on how long Shafer would wait to enter the treatment facility should not have factored into its sentencing decision. By focusing on that factor, the court also failed to properly consider Shafer's rehabilitation needs.

In rendering a sentencing decision, the district court must explain its reasoning for imposing a given sentence and must do so with more than "boilerplate-language." *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015). Here, the court provided an incomplete rationale:

> The reasons supporting this sentence include the court's determination that this will provide for [Shafer's] maximum opportunity for rehabilitation. It's necessary for the protection of the community. . . . . However, due to the challenges to the system caused by COVID-19, I know that there is a significant waiting period, . . . and I frankly believe that the waiting period in the jail waiting for a bed at the [residential treatment facility] may well be longer than the sentence that she is likely to serve. And all of those are reasons for the sentencing decision that I made.

Shafer correctly notes that "[a] court's consideration of the timing of parole is an impermissible sentencing factor."[3] *State v. Remmers*, 259 N.W.2d 779, 785 (Iowa 1977). Rather, sentencing courts must consider the nature of the offense, the attending circumstances, the defendant's age, character, and propensities, and chances of reform. *State v. Cupples*, 152 N.W.2d 277, 280 (Iowa 1967).

Defending the court's exercise of discretion, the State argues the court was forced to choose between "a lengthy jail stay" before receiving treatment versus a prison term, which "offered the best chance to maximize rehabilitation and protect the community." But as Shafer argues on appeal, the court had "no basis for that assumption" and the length of her jail stay was not determinable.

Our sentencing cases emphasize that the punishment should fit the crime, as well as the individual offender and her circumstances. *See State v. McKeever*,

---

[3] The State notes that the sentencing court "never mentioned parole." While technically true, the court considered the parole board's role when comparing the time Shafer might spend in jail with the time she would spend before being released from prison.

276 N.W.2d 385, 387 (Iowa 1979). True, the court did refer to Shafer's "maximum opportunity for rehabilitation" and "the protection of the community," both key sentencing considerations. But the court did not find that a prison sentence was necessary to achieve those goals. As noted, the PSI preparer believed the residential treatment facility would give Shafer the best chance for rehabilitation. Yet the court let the perceived wait time overshadow that finding. We understand the court was free to reject the PSI's recommendation. *State v. Headley*, 926 N.W.2d 545, 552 (Iowa 2019). Still, the record suggests the court would have followed that recommendation if a room had been immediately available at the treatment facility.

The State insists the court was looking out for Shafer's best interests by not wanting her to spend more time in jail waiting for placement than she would spend in prison before being released on parole. We are sympathetic with the uncharted territory the sentencing court faced given the effect of the COVID-19 pandemic on available services in the community. Yet nothing in the record supports the court's speculation that the waiting period for the treatment facility would surpass the length of her time in prison. When the court inquired about the possible delay, the prosecutor responded, "I can't tell the court for sure whether the [residential treatment facility would be available." And even if the court had access to more concrete information, the wait time for the treatment facility should not have played a role in its sentencing decision. The court must decide between prison and community-based resources without attention to the timing of parole board decisions. See *Remmers*, 259 N.W.2d at 785. This includes mentions of the workings of the parole board when determining the appropriate sentence. *Id.*

The district court's reliance on the wait time for the residential treatment facility was an impermissible factor which sullied its consideration of permissible factors. *See State v. Laffey*, 600 N.W.2d 57, 62 (Iowa 1999). Because the court considered an improper factor, we vacate the sentence and remand for resentencing before a different judge. *State v. Sinclair*, 582 N.W.2d 762, 765 (Iowa 1998).

**REVERSED AND REMANDED FOR RESENTENCING.**