# IN THE COURT OF APPEALS OF IOWA

No. 22-1817
Filed August 30, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**GARETT ANDREW McMILLAN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Des Moines County, Michael J. Schilling, Judge.

        A defendant challenges imposing judgment and sentence. **REVERSED AND REMANDED FOR RESENTENCING.**

        Karmen R. Anderson of Anderson & Taylor, PLLC, Des Moines, for appellant.

        Brenna Bird, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee.

        Considered by Bower, C.J., and Tabor and Greer, JJ.

**TABOR, Judge.**

Garett McMillan pleaded guilty to four counts of fraudulent practice for tampering with the odometers of cars he sold online. In exchange for his pleas, the State agreed to remain silent on his request for a deferred judgment. While the State lived up to its bargain, McMillan now contends the sentencing court misinterpreted the State's recommendation.[1]

Because the district court relied on an improper sentencing factor in considering whether to grant McMillan a deferred judgment, we reverse and remand for resentencing before a different judge.

## I. Facts and Prior Proceedings

McMillan sold several used cars on Facebook Marketplace at inflated prices, misrepresenting their mileage and subsequent value to consumers. He reduced the readings on the odometers between 68,000 and 247,000 miles and charged consumers what would have been the resale value with the false mileage. The buyers were unaware of the hoax at the time of sale but later found out and alerted the authorities.

After investigating those consumer complaints, the State charged McMillan with six counts of fraudulent practice in the second degree, class "D" felonies, under Iowa Code section 714.10(1)(a) (2019). In exchange for McMillan's guilty pleas to four counts of fraudulent practice in the third degree, aggravated

---

[1] Despite McMillan entering guilty pleas, he has "good cause" under Iowa Code section 814.6 (2022) to appeal from alleged sentencing error. *See State v. Damme*, 944 N.W.2d 98, 104–05 (Iowa 2020).

misdemeanors, in violation of section 714.11, the State dismissed the remaining counts and agreed to "stand silent" if he asked for a deferred judgment.

At the sentencing hearing, the prosecutor described the ramifications of the plea agreement should the court deny McMillan's request to defer judgment:

> [T]he State, as part of the plea agreement, agreed to Counts I through II—agreed to amend it to Fraudulent Practice in the Third Degree, which is an aggravated misdemeanor. On those three counts, Mr. McMillan would serve 364 days on each count. They would be served consecutively and suspended in their entirety. Count IV would also be amended to Fraudulent Practice in the Third Degree but total suspension—364 days, all suspended, except for four days, which can be served on weekends, and consecutive to Counts I through III. He would do two years of formal probation as part of this plea. He would get minimum fines. Fines would be suspended for two of the four counts and the State—the State would stand silent on the Defendant's request for a deferred judgment, if requested.

Indeed, McMillan asked the court to defer judgment. He emphasized his lack of criminal history. McMillan also told the court that his financial instability, coupled with the need to care for his family, drove him to the desperate decision to misrepresent the cars' mileage on Marketplace. McMillan stressed that he was requesting a deferred judgment out of concern for his livelihood. McMillan, a hazardous material truck driver, was uncertain whether he could renew his "hazmat" clearance if he had convictions on his record.

In denying McMillan's request for a deferred judgment, the district court cited two factors. One was the "recommendation by the State of Iowa" and the other was "the fact that [McMillan] engaged in a series of events over a course of time . . . committing multiple acts of fraudulent practice . . . each act [requiring] an independent intent to defraud."

Later in the sentencing hearing, defense counsel reminded the court that the State did not oppose a deferred judgment, rather it "just agreed to stand silent at our request." But the district court did not retract its reliance on the State's "recommendation." Rather, the court stuck by its decision to deny McMillan's request to defer judgment: "[T]he facts and circumstances are very aggravated in this case." The court sentenced McMillan to two years in prison, suspended the sentence with probation on all except four days to be served consecutively on weekends, and ordered restitution for the victims.

McMillan now asks us to vacate the judgment and remand for resentencing.

## II. Scope and Standard of Review

We review sentencing challenges for correction of legal error. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). McMillan must show "an abuse of trial court discretion or a defect in the sentencing procedure, such as trial court consideration of impermissible factors." *See State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000) (citation omitted). We find an abuse "when the sentencing court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Laffey*, 600 N.W.2d 57, 62 (Iowa 1999) (citation omitted). The court in exercising its discretion should weigh all pertinent matters, including the nature of the offense, the attending circumstances, defendant's age, character, propensities, and chances of his reform. *State v. August*, 589 N.W.2d 740, 744 (Iowa 1999).

## III. Analysis

McMillan contends that the district court considered an improper factor when refusing to defer judgment. That factor, he argues, was the court's reliance

on the State's recommendation, when the State agreed to make no recommendation concerning his request for a deferred judgment.

The State counters that McMillan's argument "mischaracterizes the record." It insists that McMillan knew the prosecutor would also advocate for suspended sentences and four days in jail as detailed in the plea agreement.

By our reading of the record, those contingencies recited by the prosecutor came into play only if the court decided to impose judgment and sentence. To comply with the plea agreement, the State could not advocate for suspended sentences in place of a deferred judgment while simultaneously remaining silent on McMillan's request to defer judgment. And McMillan does not contest the State's compliance with the agreement.

Instead, McMillan focuses on the sentencing court's exercise of discretion. The court cited the State's "recommendation" as one of two reasons for denying McMillan's request for the deferred judgment. When McMillan's defense attorney reiterated that the State did not make a recommendation and agreed to remain neutral as to the deferred judgment, the court did not clarify its rationale.

We understand that district courts are afforded "a significant amount of latitude because of the discretionary nature of judging." *State v. Fetner*, 959 N.W.2d 129, 133 (Iowa 2021) (citation omitted). But courts must consider only the record evidence. *Id.* at 136 (finding sentencing court's speculation about Fetner's conduct was improper based on information before it). Here, the court overlooked the State's agreement to take no position on deferring judgment and mistakenly believed that the State was recommending suspended sentences under the plea agreement. Even when given the chance to acknowledge the State's true position,

the court did not clear up the confusion.  Because the court did not recognize the State's neutrality on deferring judgment, McMillan lost the full benefit of the plea bargain.

"[I]f a court in determining a sentence uses any improper consideration, resentencing of the defendant is required, even if it was merely a secondary consideration." *State v. Lovell*, 857 N.W.2d 241, 243 (Iowa 2014) (citation omitted); *see also State v. Conrad*, No. 12–0670, 2013 WL 93013, at *1–2 (Iowa Ct. App. Jan. 9, 2013) (remanding for resentencing when improper factor "crept into the proceedings")  True, the court cited a number of proper factors, including the pattern of McMillan's crimes.  But "[t]he fact that the court also considered other, permissible factors in sentencing the defendant does not make the court's reliance on this impermissible consideration of no consequence."  *Laffey*, 600 N.W.2d at 62.  Bottom line, we can't guess how much weight the court gave one factor over another.  *See Lovell*, 857 N.W.2d at 243.  Thus, we reverse and remand this case for resentencing before a different judge.

**REVERSED AND REMANDED FOR RESENTENCING.**