# IN THE COURT OF APPEALS OF IOWA

————————————

No. 25-1061
Filed April 29, 2026

————————————

**State of Iowa,**
Plaintiff–Appellee,

v.

**Rachel Elizabeth Whiteside,**
Defendant–Appellant.

————————————

Appeal from the Iowa District Court for Polk County,
The Honorable Paul D. Scott, Judge.

————————————

**AFFIRMED**

————————————

Peter J. Ickes of Grefe & Sidney, P.L.C., Des Moines, attorney for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, attorneys for appellee.

————————————

Considered without oral argument
by Ahlers, P.J., and Buller and Sandy, JJ.
Opinion by Sandy, J.

**SANDY, Judge.**

After pleading guilty to multiple counts arising from multiple acts of sexual exploitation, Rachel Whiteside challenges the district court's decision to impose consecutive sentences. But since the court grounded its decision in the separate and serious nature of each offense, the harm to the victim, and the need to protect the public, its proper exercise of sentencing discretion is not one we second-guess on appeal. Accordingly, we affirm.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

Whiteside was charged in Polk County with multiple counts of sexual exploitation by a school employee arising from her relationship with a student while employed as a teacher in the Ankeny Community School District. The conduct at issue began in 2015 when Whiteside was twenty-six years old and the student was fifteen. The relationship involved Whiteside's repeated sexual contact with the student and continued over an extended period of time.

The case came to light years afterwards, following a report to authorities. Investigators obtained evidence corroborating the relationship, including records of communications between Whiteside and the student. Whiteside ultimately admitted that her conduct constituted a pattern, practice, or scheme of sexual conduct with the student for the purpose of sexual gratification.

The State charged Whiteside by trial information with multiple felony counts of sexual exploitation by a school employee, as well as a felony count of child victim coerced by a person in authority. She later entered a written guilty plea to four counts of sexual exploitation by a school employee—pattern, practice, or scheme of conduct, each a class "D" felony in violation

of Iowa Code section 709.15 (2015 as to count II, 2016 as to counts III, IV, and VII). The district court accepted the plea after finding it was knowing, voluntary, and supported by a factual basis.

Under the plea agreement, the parties were free to argue for differing sentences within agreed parameters. Whiteside could argue for no less than a sentence of a ten-year indeterminate term of incarceration, while the State could argue for up to a twenty-year term of incarceration. The matter proceeded to a contested sentencing hearing.

Prior to sentencing, the court received and reviewed a presentence investigation report. Whiteside also submitted materials in mitigation, including letters of support and a psychological evaluation. The evaluation addressed Whiteside's mental health, risk of reoffending, and insight into her conduct. At the sentencing hearing, the court heard from counsel, Whiteside, and the victim, who provided a statement describing the impact of Whiteside's acts.

Following the hearing, the district court sentenced Whiteside on each of the four counts to an indeterminate term not to exceed five years and ordered the sentences to run consecutively, for a total term not to exceed twenty years. The court denied probation and imposed additional statutory requirements, including a special sentence under Iowa Code section 903B.2, sex offender registration, and related conditions. The court identified the separate and serious nature of each of the offenses as a basis for imposing consecutive sentences.

Whiteside now appeals, challenging the sentence imposed by the district court. She contends the court abused its discretion in weighing the relevant sentencing factors and imposing consecutive terms of incarceration,

while the State maintains the sentence falls within the court's broad discretion.

## STANDARD OF REVIEW

We review a district court's specific sentencing decision for abuse of discretion. *State v. Laffey*, 600 N.W.2d 57, 62 (Iowa 1999). We will not disturb a sentence unless the defendant shows an abuse of discretion or a defect in the sentencing procedure. *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998). "An abuse of discretion will only be found when a court acts on grounds clearly untenable or to an extent clearly unreasonable." *State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015) (citation omitted).

## DISCUSSION

The sentencing "court shall state on the record the basis for the sentence imposed." Iowa R. Crim. P. 2.23(2)(g). The sentencing court weighs "the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform" along with the defendant's criminal history, employment status, family circumstances, and the societal goals of sentencing. *State v. Damme*, 944 N.W.2d 98, 106 (Iowa 2020) (citation omitted). The district court's statement may be "terse and succinct" if "the reasons for the exercise of discretion are obvious in light of the statement and the record before the court." *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015). The district court "has broad discretion to impose the sentence it determines is best suited to rehabilitate a defendant and protect society." *State v. West Vangen*, 975 N.W.2d 344, 355 (Iowa 2022). The decision "to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor," and we will only reverse for an abuse of discretion. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

At sentencing, the district court gave a lengthy explanation of its decision:

> Ms. Whiteside, as I am sure your attorney has told you, I owe a duty to the public just as much as I owe a duty to you in fashioning the appropriate sentence. That's one that is not only appropriate for you as an individual defendant, but one that is also appropriate for the crimes that you have pleaded guilty to and accepted responsibility for.
>
> And so in determining the appropriate sentence, I have reviewed everything that's been filed here. I have reviewed the presentence investigation report and the attachments thereto. I have reviewed the sentencing memorandum that was filed by your attorney. I reviewed the exhibits that were filed by your attorney, including the letters of support as well as the evaluation by Dr. Thomas.
>
> I have reviewed the trial information and the minutes of evidence and employ those minutes of evidence only to the extent that they conform with the written plea and what you have accepted responsibility for as it applies to the facts that you have admitted in your written plea.
>
> I have considered the nature and circumstances of the offense, your history, your characteristics, your age, as well as your need for treatment and your potential for rehabilitation.
>
> I have taken into account the harm to the victim in this case as well as the necessity for the protection of the community from further offenses by you, and I have considered all of the sentencing options that are available to this Court.
>
> And, of course, one of the most difficult things about sentencing anyone is that my function is not just looking forward with respect to the dual considerations that advance the societal goals of sentencing criminal behavior—and that is the focus on your rehabilitation as well as the protection of the community—but, also, it's backward-looking as well because the Court is responsible for meting out justice in every individual case.
>
> I will tell you, not by—I'm not trying to discipline you as a little kid or something, but when I read through your statements that you made to the doctor and when I listened to your allocution today, I was struck by—I

know you don't think this, but I was struck—I know you don't believe this is the case, but I was struck by your lack of acceptance of responsibility. I know you said the right words, but when I read through the report that Dr. Thomas wrote, I mean, it struck me that every single thing that happened, with the exception of the first kiss, happened at the initiation of [the victim]. Every single thing: coming over to your house, working out, I need help with this.

It just struck me—and that wasn't—I'm assuming that those comments were made with as much candor as you could possibly have, not to come in here and try to persuade me in some way or fashion to sentence you one way or another.

. . . I know you've said that this was a poor decision on your part, but it seems like a lot more than that. It seems like this was grooming from the beginning to the end, and I don't think you can help but believe that when you read through what's occurred here.

. . . .

And, as I said, those are some of the things that strike me about you, but, obviously, the harm to the victim in this case has been severe, lengthy, it's not over yet, I'm sure, because . . . I am sure [they are] still seeking help in some way, shape, or form for the mental problems that you have caused, the mental harm.

. . . .

I am denying probation for all of the reasons that I have stated, and I am running those sentences consecutive to each other due to the separate and serious nature of each of those offenses.

Upon our review, we determine the district court did not abuse its discretion in imposing consecutive sentences. Each of the factors the district court discussed is a proper sentencing factor. *See* Iowa Code §§ 901.5, 907.5. Given the sentence is based on proper factors and is sufficiently explained, we discern no abuse of discretion and will not disturb it. *See Formaro*, 638 N.W.2d at 724. To the extent that Whiteside asks us to reweigh the factors

and grant her probation, we decline to do so. *See* State v. Gordon, 998 N.W.2d 859, 863 (Iowa 2023).

**AFFIRMED.**